QIN LE LIU, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Alberto Gonzales, Attorney General,[1] Respondents.**

No. 04–2302–ag.

United States Court of Appeals, Second Circuit.

July 31, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David X. Feng, New York, N.Y., for Petitioner.

Neal B. Kirkpatrick, Assistant United States Attorney, for David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Tulsa, OK, for Respondents.

Present JON O. NEWMAN, GUIDO CALABRESI and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Qin Le Liu, a native and citizen of the People's Republic of China, through counsel, petitions for review of the portions of the Board of Immigration Appeals ("BIA") decision denying his claims for asylum and withholding of removal.

We assume the parties' familiarity with the facts and procedural history of this case.

Where, as here, the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA. *Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005). An IJ's adverse credibility finding must be supported by specific, cogent reasons based on evidence in the record, and may not be grounded merely in speculation or conjecture. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

The BIA adopted the IJ's finding that Liu did not meet his burden of proof because he did not testify credibly concerning his claim that he was persecuted in China due to his membership in Falun Gong, and because he failed to come forward with corroborating evidence sufficient to overcome the doubts created by his testimony.

 We find that the IJ engaged in impermissible speculation in several respects. First, given the absence of any medical evidence on this point, the IJ erred in discrediting Liu's testimony that the scar on his shoulder was caused by a strike with a metal rod and in concluding that was more likely "the result of some type of burn." Similarly, the IJ improperly speculated that the Chinese government issues certificates of detention or release to persons confined for a time to a labor camp, as nothing in the record speaks to that issue. Third, we reject the IJ's conclusion that the apparent similarity of the photographs of the petitioner's national ID card and of his Falun Gong membership

certificate sheds any light on the authenticity of the certificate. We do not see how the IJ could have determined from the photocopies in evidence that the two headshots of Liu contained in those separate documents were developed from the same negative. Even if they were, we do not know what this would prove, as it is thoroughly plausible that a person would submit the same photograph of himself at different times for use in different identifying documents, a possibility the IJ apparently never considered.

The record does contain evidence that could be viewed as casting doubt on the veracity of Liu's testimony. However, because we cannot be confident that the decisionmaker would have reached the same ultimate conclusion about Liu's credibility in light of the errors identified above, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006), we hereby **GRANT** Liu's petition for review and **REMAND** this case to the BIA for further proceedings consistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).